# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT COUNTY OF ALBANY

---

JOSEPH LIA,

Plaintiff,

-against-

**SUMMONS**

WALMART, INC.
141 Washington Avenue Extension
Albany, New York 12205

**Index No.:** ______________
**Date filed:** __________

Defendant.

---

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorney an Answer to the Complaint in this action within twenty days (20) after the service of this Summons, exclusive of the date of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DEFENDANTS' ADDRESSES: see above.

Trial is desired in the County of Albany.

The basis of venue is plaintiff's residence.

Plaintiff resides in Albany, New York, County of Albany.

The accident occurred in Albany, New York, County of Albany.

DATED: January 18, 2023

ANDERSON, MOSCHETTI & TAFFANY, PLLC
By: David J. Taffany, Esq.
Attorneys for Plaintiff
Office and P.O. Address
26 Century Hill Drive, Suite 206
Latham, New York 12110
(518) 785-4900

STATE OF NEW YORK
SUPREME COURT COUNTY OF ALBANY

---

JOSEPH LIA,

Plaintiff,

-against-

WALMART, INC.,

Defendant.

**COMPLAINT**

**Index No.:**
**Date filed:**__________

---

The plaintiff, Joseph Lia, by and through his attorneys, Anderson, Moschetti & Taffany, PLLC, complaining of the defendant, alleges as follows:

1. That at all times relevant, the plaintiff was and still is a resident of the City of Albany, County of Albany and State of New York.

2. That at all times relevant, the defendant, Walmart, Inc., was a foreign corporation licensed to do business in the State of New York and doing business operating as a store called the Walmart Supercenter #2152, located at 141 Washington Avenue Extension, Albany, New York 12205.

3. That at all times relevant, the defendant, Walmart, Inc., was a foreign corporation doing business in New York which regularly does or solicits business, or engages in other persistent conduct, or derives substantial revenue from its business in the State of New York and owns and operates a property in the State of New York, specifically Walmart Supercenter #2152, 141 Washington Avenue Extension, Albany, New York 12205.

4. That at all times relevant, the defendant was charged with the duty of taking those steps and precautions necessary to properly maintain the property known as the Walmart Supercenter #2152, so as to avoid the development and existence of unreasonably dangerous conditions on said premises.

5. That on or about January 16, 2022, in approximately mid-afternoon, the plaintiff, Joseph Lia, was lawfully upon the premises known as the Walmart Supercenter #2152, walking in the aisle of the store on the second floor near the electronics section and the shoe section. He was walking between two pallets on his way to the electronics section and was caused to slip and fall on the floor by stepping on debris which had been left on the floor.

6. That the debris that was left on the floor was, upon information and belief, a plastic cap to a bottle.

7. That upon information and belief, the plastic cap had been laying in the aisle where the plaintiff fell for a considerable length of time.

8. That the cap on the floor was a tripping hazard which resulted in the floor being defective and in a dangerous condition and a hazard to those walking in the area, including the plaintiff herein.

9. That as a result of the dangerous and defective condition of the floor, the plaintiff was caused to fall to the ground and be seriously injured.

10. That as a result of the negligence of the defendant, the plaintiff suffered serious personal injuries, damages and expenses.

11. That the defendant caused the dangerous condition and/or knew or should have known of the dangerous and hazardous condition of the floor in that section of the store.

12. That at all times relevant, the defendant was charged with the duty of taking those steps and precautions necessary to avoid the development and/or existence of an unreasonably dangerous condition at said location.

13. That at all times relevant, the defendant had both actual and/or constructive notice and knowledge of the aforedescribed dangerous condition that existed on said premises, or should have had such notice and knowledge.

14. That the injuries suffered by the plaintiff were caused by the negligent acts of the defendant, without any fault on the part of the plaintiff herein.

15. That this action is being brought in the Supreme Court of the State of New York as the damages exceed the jurisdictional levels of all lower courts.

16. That by reason of the foregoing, the plaintiff has been damaged in a substantial monetary amount.

WHEREFORE, the plaintiff demands judgment against the defendant in the manner and form recited, together with the costs and disbursements of this action.

DATED: January 18, 2023

ANDERSON, MOSCHETTI & TAFFANY, PLLC
By: David J. Taffany, Esq.
Attorneys for Plaintiff
Office and P.O. Address
26 Century Hill Drive, Suite 206
Latham, New York 12110
(518) 785-4900

STATE OF NEW YORK
SUPREME COURT

COUNTY OF ALBANY

JOSEPH LIA,

Plaintiff,

-against-

WALMART, INC.,

Defendant.

**ANSWER**
Index # 900607-23

As and for an answer to plaintiff's complaint, the defendant, Walmart, Inc. (hereinafter "answering defendant"), through counsel, states the following upon information and belief:

1. Answering defendant denies the allegations contained in paragraph "1" of plaintiff's complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

2. Answering defendant admits the allegations contained in paragraph "2" of plaintiff's complaint.

3. Answering defendant denies the allegations contained in paragraph "3" of plaintiff's complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

4. Answering defendant denies the allegations contained in paragraph "4" of plaintiff's complaint and refers all questions of law to the Court.

5. Answering defendant denies the allegations contained in paragraphs "5" and "6" of plaintiff's complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

6. Answering defendant denies the allegations contained in paragraph "7" of plaintiff's complaint.

7. Answering defendant denies the allegations contained in paragraph "8" of plaintiff's complaint and refers all questions of law to the Court.

8. Answering defendant denies the allegations contained in paragraphs "9", "10", and "11" of plaintiff's complaint.

9. Answering defendant denies the allegations contained in paragraph "12" of plaintiff's complaint and refers all questions of law to the Court.

10. Answering defendant denies the allegations contained in paragraphs "13" and "14" of plaintiff's complaint.

11. Answering defendant denies the allegations contained in paragraph "15" of plaintiff's complaint and refers all questions of law to the Court.

12. Answering defendant denies the allegations contained in paragraph "16" of plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. Upon information and belief, plaintiff's economic loss, if any, as specified in CPLR 4545 was replaced or indemnified in whole or in part, from collateral sources, and answering defendant is entitled to have the Court consider the same in determining such damages as provided in CPLR 4545.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. Whatever injuries plaintiff may have sustained were caused in whole or in part, or were contributed to, by the culpable conduct and/or want of care on the part of the plaintiff or by someone over whom the answering defendant had no control.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. If answering defendant is found to be liable to the plaintiff for the injuries alleged in the complaint herein, its respective liability is 50% or less of the total liability assigned to all persons liable.

16. By reason thereof, the liability of answering defendant to the plaintiff for non-economic loss shall not exceed answering defendant's equitable share of liability determined in accordance with the relative culpability for each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. In the event of settlement by any joint tortfeasor, answering defendant is entitled to the full benefit of General Obligations Law §15-108, such that the claim by the plaintiff shall be reduced to the extent of any amount stipulated by the release or the covenant, or in the amount of consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under CPLR Article 14 and Article 14(a), whichever is the greatest.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. To the extent that plaintiff failed to obtain coverage available as an individual or as a family member, which plaintiff is eligible to obtain, and/or failed to take reasonable steps to protect plaintiff from medical costs, health care or life care costs or to avail plaintiff of the resources, service benefits and coverage available under the Affordable Care Act, then plaintiff failed to mitigate plaintiff's damages and cannot recover for such failure.

19. With regard to plaintiff's failure to mitigate damages, the defense will offer proof of the cost of premiums and out-of-pocket limits that were made available to plaintiff under the

Affordable Care Act and will offer proof of the medical costs which plaintiff will not incur under the Affordable Care Act.

**WHEREFORE**, the answering defendant demands judgment dismissing the complaint of the plaintiff herein with costs.

DATED: December 12, 2023

Yours, etc.,

O'CONNOR, O'CONNOR, BRESEE & FIRST, P.C.

By____________________________
MICHAEL P. CAVANAGH
*Attorney for Defendant, Walmart, Inc.*
Office and P.O. Address
20 Corporate Woods Blvd
Albany, NY 12211
Telephone: (518) 465-0400

TO: ANDERSON, MOSCHETTI & TAFFANY, PLLC
DAVID J. TAFFANY, ESQ.
*Attorneys for Plaintiff*
Office and P.O. Address
26 Century Hill Drive, Suite 206
Latham, New York 12110
Telephone: (518) 785-4900